**Kwangho JUNG, Appellant,**

v.

**GEORGE WASHINGTON UNIVERSITY, Appellee.**

**No. 99–CV–1087.**

District of Columbia Court of Appeals.

Sept. 14, 2005.

Before: FARRELL and WAGNER,* Associate Judges; and PRYOR, Senior Judge.

**ORDER**

PER CURIAM.

On consideration of appellant's petition for rehearing, it is

---

* Judge Wagner was Chief Judge of the court at the time this case was argued. Her status changed to Associate Judge on August 6, 2005.

ORDERED that the petition for rehearing is granted to the extent that this court's opinion printed at 875 A.2d 95 (D.C.2005) is hereby amended as follows:

On page 112, following the last sentence in Part III, B, a new footnote 13 is hereby added as follows:

This case was tried well before the Supreme Court's opinion in *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) in which it considered the effects of 1991 amendments to Title VII of the Civil Rights Act of 1964 on jury instructions in mixed-motive cases. *Id.* at 98, 123 S.Ct. 2148. Therefore, the instructional issue as raised in the trial court and briefed by the parties for this appeal has been framed in accordance with the standard set forth in *Price Waterhouse, supra,* including the pivotal opinion of Justice O'Connor in that case. *See Id.,* 490 U.S. at 276, 109 S.Ct. 1775; *Hollins, supra,* 760 A.2d at 575. Thus, we have no occasion to consider whether the amendments to the federal statute require, or make advisable, a corresponding change in the principles governing jury instructions in mixed-motive claims of discrimination under the D.C. Human Rights Act—a question the courts of this jurisdiction are free to consider in a future case. We observe that even if the elimination of the distinction between direct and circumstantial evidence effected by the federal amendments to Title VII, *see Desert Palace,* 539 U.S. at 98, 101, 123 S.Ct. 2148, were applied to the Human Right Act, our conclusion would remain the same. That is that Jung, as a matter of law, presented no evidence of a causal link between Dr. East's statements at issue and the decisional process leading to Jung's failure of the last comprehensive examination that he took. Remarks which are remote in time and unrelated to the decisional process, even when uttered by a decision maker, are insufficient to support a claim of discrimination. *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1266 (7th Cir.1993); *see Hollins,* 760 A.2d at 575.

IT IS FURTHER ORDERED that in all other respects, the petition for rehearing is denied.